United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 31, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-40632
Summary Calendar

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

JUAN ALVAREZ-TERAN,

                              Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
(7:04-CR-722-5 )
--------------------

Before SMITH, WIENER, and OWEN, Circuit Judges.

PER CURIAM:[*]

     Defendant-Appellant Juan Alvarez-Teran appeals the sentence imposed following his guilty-plea conviction for conspiracy to bring undocumented aliens into the United States for private financial gain.  He contends that the district court clearly erred when it enhanced his sentence under U.S.S.G. § 2L1.1(b)(6) in reliance on information that Alvarez transported aliens in a pickup truck.  He also urges that there was insufficient evidence to show that he knew or reasonably should have foreseen that the sexual assault of a minor was committed in furtherance of the conspiracy,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

and that there was insufficient evidence to show that any other sexual assault occurred.

We review the factual findings of the district court for clear error. United States v. Villegas, 404 F.3d 355, 359 (5th Cir. 2005); United States v. Villanueva, 408 F.3d 193, 203 n.9 (5th Cir.), cert. denied, 126 S. Ct. 268 (2005).

Alvarez's argument that the district court applied the four-level enhancement of § 2L1.1(b)(6) based on a finding that he transported aliens in the bed of a pickup truck is without merit. The record reflects that the district court relied on the facts contained in the presentence report detailing physical and sexual abuse when applying this enhancement.

Further, the facts of the presentence report and the testimony of Agent Jose Ovalle support the district court's finding that physical and sexual abuse of aliens occurred in relation to Alvarez's conduct and that he either knew of the conduct or it was reasonably foreseeable. Witnesses and co-defendants stated that Alvarez was directly involved in transporting females to a stash house in McAllen, Texas, for the purpose of their performing sexual favors. Additionally, Alvarez was one of the leaders of the smuggling organization. The district court's findings were not clearly erroneous.

Alvarez also contends that his sentence is unconstitutional in light of United States v. Booker, 543 U.S. 220 (2005), because his sentence was enhanced based on factual findings by the district

2

court to which he did not admit and were not proved to a jury beyond a reasonable doubt. Alvarez was sentenced after the decision in Booker and thus pursuant to an advisory guidelines scheme. The district court's factual findings under an advisory guidelines scheme did not violate his Sixth Amendment right to a jury trial. See Booker, 543 U.S. at 233, 259.

Accordingly, the judgment of the district court is AFFIRMED.